UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CLARENCE THOMAS III,

                Plaintiff,

  -against-

                                                    13-cv-04827 (NSR)

ANTHONY COLLETTI, SHIELD # 150;          OPINION & ORDER
MICHAEL SPANO, SHIELD # 148, MATTHEW
DIRUZZA, SHEILD #; DETECTIVE ANTHONY
LEDONNE, SHIELD # 103; DETECTIVE
EDGAR PRIETO, SHIELD # 119; SGT.
TIMOTHY GALVIN, SHIELD # 102,

                Defendants.

-----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      Plaintiff Clarence Thomas III ("Plaintiff") brings this action pursuant to pursuant to 42 U.S.C. § 1983. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the following reasons, Defendants' motion is GRANTED.

**I.   Background**

      Plaintiff's Complaint states the following facts: (1) he "was arrested for an invalid warrant and that got dismissed"; (2) he "was arrested for weapon possession in the 2nd which also got dismissed"; (3) he "was held in Westchester County jail for 12 months because of these cases"; and (4) "the named defendants [] violated my rights and persecuted me without proper cause. They falsified reports and lied under oath at trial to try to convict me." Complaint 3. Plaintiff alleges that on April 15, 2012, he was sitting in his fiancé's car at the corner of Maple and Bishop Avenues in Mamaroneck, New York when police officers approached the car. Complaint 9. The officers asked Plaintiff to produce identification because they had received

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/2014

1

Copies mailed/faxed 3/28/2014
Chambers of Nelson S. Román, U.S.D.J.

complaints of a suspicious person. *Id*. The police determined that Plaintiff had an unserved order of protection and a warrant stemming from such. *Id*. The officers placed Plaintiff under arrest and searched the car, whereupon they found a gun. *Id*. Plaintiff was arrested for weapons possession in the second degree. *Id*.

Plaintiff filed his Complaint on July 9, 2013. Defendants' motion to dismiss was filed on October 16, 2013. As of January 17, 2014, Plaintiff had not yet responded to the motion to dismiss and the Court ordered that Plaintiff respond to the motion to dismiss within thirty days. Dock. No. 15. Plaintiff has not opposed Defendants' motion to dismiss following the entry of that Order. The Court, therefore, will determine the motion to dismiss based on Plaintiff's Complaint and Defendants' motion papers.

## II.     Motion to Dismiss Legal Standard

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).  It is not necessary for the complaint to assert "detailed factual allegations," but must allege "more than labels and conclusions." *Twombly*, 550 U.S at 555. The facts in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*.

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171 (S.D.N.Y. July 3, 2013). The court should read *pro se* complaints "'to raise the strongest arguments that they suggest,'" *Kevilly v. New York,* 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom,* 446 F.3d 305, 310 (2d Cir. 2006)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe a pro se complaint liberally."). "However, even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

"In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. . . . Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y .2007) (quoting *McCall v. Pataki*, 232 F.3d 322 (2d Cir. 2000)).

**III.   Discussion**

"To recover under s 1983 petitioner must prove two separate and independent elements:

3

first, that respondent subjected her to the deprivation of a right 'secured by the Constitution and laws'; and, second, that while doing so respondent acted under color of a statute, ordinance, regulation, custom, or usage of the [state]." *Adickes v. S.H. Kress & Co*, 298 U.S. 144, 188-89 (1970). Reading the Complaint liberally, as the Court is required to do, the only possible causes of action that are alleged are false arrest and malicious prosecution.[1] For the following reasons, Plaintiff's Complaint fails to state a claim under either cause of action.

### a. False Arrest

"The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under § 1983." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "When an officer learns . . . that a person is the subject of an outstanding arrest warrant, probable cause exists to arrest that person." *United States v. Miller*, 265 Fed. App'x 5, 7 (2d Cir. 2008).

By his own admission, there was an outstanding warrant for Plaintiff's arrest at the time police officers approached him. Therefore, the officers who arrested Plaintiff had probable cause to effectuate the arrest and Plaintiff's false arrest claim fails.

### b. Malicious Prosecution

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment . . . and establish the elements of a malicious prosecution claim under state law." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002) (internal citations omitted). "To state a claim under New York law for the tort

---

[1] "While the claim that one has been the subject of false testimony or false allegations may constitute a component of an action for malicious prosecution, the Court is aware of no authority for the proposition that such a claim, standing alone, implicates a constitutionally protected right." *Winn v. McQuillan*, 390 F. Supp. 2d 385, 392 (S.D.N.Y. 2005).

of malicious prosecution, a plaintiff must show: (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003). "Probable cause is an absolute defense to a malicious prosecution claim under New York law." *Kilburn v. Village of Saranac Lake*, 413 Fed. App'x 362, 364 (2d Cir. 2011).

The Complaint refers to the fact that there was a trial and that charges against him were "dismissed." While the exact circumstances are far from clear, for the purposes of this motion, the Court assumes that the first two elements of a malicious prosecution claim have been met. However, it is impossible to ascertain from the Complaint what charges Plaintiff was arraigned on or which were brought to trial. Upon the facts stated in the Complaint, the Court cannot determine whether there was probable cause or whether the proceeding was instituted with malice.

As for the claims that Defendants "falsified reports and lied under oath at trial," "[i]t is well established that testifying witnesses, including police officers, are entitled to absolute immunity from liability under § 1983 based on their testimony." *Rolon v. Henneman*, 289 F. Supp. 2d 517, 519 (S.D.N.Y. 2005). The Supreme Court reasoned that "[s]ubjecting governmental officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties." *Briscoe v. LaHue*, 460 U.S. 325, 342-43 (1983). There is a distinction, however, "between witnesses 'whose role was limited to providing testimony,' who enjoy immunity, and complaining witnesses, who 'played a role in initiating a prosecution' and who, therefore, do not enjoy immunity." *Watson v. Grady*, No. 09–CV–3055

(KMK), 2010 WL 3835047, at *6 (S.D.N.Y. Sept. 30, 2010) (quoting *White v. Frank*, 855 F.2d 956, 958–59, 961 (2d Cir. 1988)). Because there are no details regarding the allegedly false statements by which of the Defendants, the Court cannot adduce whether the Defendants testimony should be given immunity or not. There is an obvious lack of plausibility in the Complaint.

### c. Leave to Amend

"'[A] pro se complaint is to be read liberally,' and should not be dismissed without granting leave to replead at least once when such a reading 'gives any indication that a valid claim might be stated.'" *Barnes v. U.S.*, 204 Fed. App'x 918, 919 (2d Cir. 2006) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Taking Plaintiff's pro se status into consideration, the Court will permit Plaintiff an opportunity to amend his Complaint to state a valid claim.

### IV. Conclusion

Accordingly, Defendants' motion to dismiss is GRANTED without prejudice. The Clerk of the Court is respectfully requested to terminate Docket No. 12.

The Court will allow Plaintiff thirty days (30) to Amend his Complaint if he so desires. If no amendment is made by April 28, 2014, the Complaint will be dismissed with prejudice and the action terminated without further notice.

Dated: March 28, 2014　　　　　　　　　　　　　SO ORDERED:
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　3/28/14
　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　United States District Judge

6